STANISLAUS ZBYSZKO, Appellant, *v.* NEW YORK AMERICAN, INC., Respondent.

First Department, February 14, 1930.

*I. M. Sackin*, for the appellant.

*Arthur Moynihan* of counsel [*William A. DeFord*, attorney], for the respondent.

McAvoy, J. The action is for an alleged libel published by defendant.

The defendant on March 31, 1929, published an educational article setting forth the scientific theory of evolution, under the following caption: " How Science Proves Its Theory of Evolution."

The article outlines the theory that man in his present form developed by a series of progressive steps from earlier, rude and simple beginnings. The body of the article makes no reference to the plaintiff, either directly or indirectly. It discusses man in a generic sense and the fundamental similarity found in the physical construction of man and in certain lower forms of life. There are pictorial illustrations in each corner of the main page which show the development in their various stages of parts of the human and animal body.

The article presents such facts as the various branches of science assert have been discovered which tend to show that man, in his present state, is a development of a lower form of life.

The publication calls attention to the structural resemblance between man and the gorilla. The exact language used is: " Science does not believe that Gorillas or other Apes are the great-grandfathers of man. They are set down as remote cousins of mankind rather than direct ancestors. Gorilla evolution and human evolution split apart from a common ape-man parent millions of years ago. The Gorilla is probably closer to man, both in body and in brain, than any other species of ape now alive. The general physique of the Gorilla is closely similar to an athletic man of today, and the mind of a young Gorilla is much like the mind of a human baby."

Near the top of the page appears a photograph of the plaintiff in a wrestling pose, and under it appears the only reference to the plaintiff: " Stanislaus Zbyszko, the Wrestler, Not Fundamentally Different from the Gorilla in Physique."

In close proximity to plaintiff's photograph there appears the photograph of a hideous-looking gorilla, under which the following words appear: "A mounted specimen of the Great Kivu Gorilla in Lord Rothschild's private museum at Tring, Hertsfordshire, England."

Plaintiff assets that the two pictures were so placed and so arranged in design and pose as to create in the minds of readers an association of ideas which would result in the judgment that the said gorilla and the plaintiff were akin to and not different from one another in most important respects.

The usual allegations as to the defamatory words and pictures are set out, to wit, that they were wholly false and untrue; that the plaintiff enjoyed an international reputation for dignity, fine traits of human character, kindliness, intelligence and culture; that besides being a person of prominence in the field of national and international sports and athletics, the plaintiff was a business man who had many business dealings both in this country and abroad with many worthy persons, who treated and received him on the basis of equality, both physically and intellectually; that the said defamatory words and pictures held up the plaintiff to public contempt, disgrace, hatred, infamy and reproach, caused him to be shunned and avoided and to be treated as an outcast by his wife, relatives, neighbors, friends and business associates, and injured him in his professional calling and deprived him of his standing among good and worthy people.

There are no allegations of special damage to plaintiff.

We think that the publication is libelous *per se*, because its

tendency is to disgrace plaintiff and bring him into ridicule and contempt and that, therefore, it is actionable without alleging special damages. The rule is that any written article is actionable without alleging special damages if it tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of others and deprives him of their society. It is not necessary that words impute disgraceful conduct to the plaintiff. If they render him contemptible or ridiculous he is equally entitled to redress.

Where the language of the alleged libel is ambiguous and capable of an innocent as well as of a disgraceful meaning, the question is for a fact finding and may not be ruled as a law point.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs, with leave to defendant to answer within twenty days upon payment of said costs.

DOWLING, P. J., MERRELL, FINCH and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.