ALEXANDER KLEMIN, Plaintiff, *v.* WALTER D. SMITH and DUDLEY H. SMITH, Defendants.

Supreme Court, Special Term, Bronx County, November 24, 1936.

*Peaslee & Brigham* [*Ralph G. Albrecht* and *Martin A. Meyer, Jr.,* of counsel], for the plaintiff.

*Samuel Levinson* for the defendant Walter D. Smith.

*Harold L. Winston* for the defendant Dudley H. Smith.

COTILLO, J.   These motions are brought by the defendants, who are father and son, to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, on the ground that the complaint fails to state facts sufficient to constitute a cause of action against either of the defendants.

The plaintiff, an aeronautical engineer and head of the Daniel Guggenheim School of Aeronautics, a department of the College of Engineering of New York University, and a consulting engineer widely known in America and also abroad, has instituted this action against the defendants by the service of a summons and complaint containing fifteen causes of action, seeking damages in the sum of $200,000 for fifteen alleged libelous letters written in concert by the defendants to various persons and organizations in an attempt to injure the plaintiff in his professional standing. Fourteen of the letters are signed by the defendant Dudley H. Smith and one by the defendant Dr. Walter D. Smith.   One of the grounds urged by the defendants is the fact that the letters are not jointly signed by the defendants.   For instance, the letter which is the basis of the fourth cause of action is signed by the defendant Dr. Walter D. Smith and the letters upon which the other fourteen causes of action are based are signed by the defendant Dudley H. Smith.   Both defendants urge that no cause of action can be based against them on letters not written or signed by both of them.

This ground can be of no avail to the defendants, in view of the well-recognized principle of law that on an attack made on a complaint because of alleged insufficiency all facts alleged in the complaint must be deemed to be admitted.   The fourth paragraph of the complaint alleges as follows:

"*Fourth.* By reason of the said defendant's disappointment with the said wind tunnel experiments as aforesaid, the said defend-

ant failed and refused to pay plaintiff the entire consideration agreed upon, and thereafter he became abusive and threatening towards plaintiff, and in concert with his father, the defendant Dr. Walter D. Smith, and his former attorney, indulged himself in writing a large number of letters of which in excess of thirty are presently known to plaintiff, which he addressed to plaintiff and to plaintiff's attorneys and numerous other persons and organizations, in which letters much libelous and defamatory matter is contained, calculated and intended to injure plaintiff in his professional standing and otherwise to harm and harass him, some of which libelous matter and the circumstances under which the same took place is hereinafter more fully set forth."

In view of this allegation this point urged for a dismissal must be denied.

The letters which are the basis of the causes of action numbered 12 to 15 are letters addressed to the plaintiff's attorneys, and the defendants urge as a ground for a dismissal of these causes of action that they must be deemed in fact written to the plaintiff, and cannot be said to be libelous because of the absence of the element of publication.

As to that part of the motion seeking a dismissal on the ground that the letters upon which the complaint is based are not libelous *per se*, the court is of the opinion that in view of the terms of all the letters, which are published about the plaintiff in his professional capacity and tend to expose him to public contempt and ridicule and disgrace, he is entitled to redress. The rule as to letters of this sort is clearly enumerated in *Zbyszko* v. *New York American, Inc.* (228 App. Div. 277): " Where the language of the alleged libel is ambiguous and capable of an innocent as well as of a disgraceful meaning, the question is for a fact finding and may not be ruled as a law point."

In view of the above the motions must be denied except as indicated above, with leave, however, to the defendants to serve their answers to the causes remaining within twenty days after the service of a copy of an order to be entered herein with notice of entry.