PAULINE MYERS, Plaintiff, *v.* AFRO-AMERICAN PUBLISHING COMPANY, INC., Defendant.

Supreme Court, Special Term, New York County, March 31, 1938.

*Corwin & Chadabe* [*Harold A. Coban* of counsel], for the plaintiff.

*Alan L. Dingle*, for the defendant.

NOONAN, J. The attack upon the complaint for insufficiency is made pursuant to subdivision 5 of rule 106 of the Rules of Civil Practice.

The action is brought in libel by reason of the alleged publication of an article with incidental photographs concerning the plaintiff in a weekly newspaper known as *Afro-American*, owned and circulated by the defendant among the members of the colored race

throughout the United States and particularly in that section of the city of New York known as Harlem.

The accompanying photographs inserted with the article portrayed the plaintiff in a condition of seminudity.

The complaint alleges in substance that the plaintiff is a young colored lady with a well-known reputation as an interpreter of dances distinctive of the moods and spirit of the Negro people and that in addition she has also posed as an artist's model. As a dancer she has never exhibited herself wholly or partly in the nude, but as an artist's model she has posed in the nude or seminude, but only for the purpose of artistic representation.

Desirous of obtaining an article for publication in its newspaper, she was interviewed by a representative of the defendant who requested some dance photographs of the plaintiff to accompany the article. Plaintiff, as is alleged, delivered to the defendant's representative three photographs in which she had posed as an artist's model upon the express promise that, before publication, the seminudity therein displayed would be appropriately covered and that proofs of such pictures before insertion in the defendant's newspaper would be submitted to her for her approval. It is further alleged that the defendant failed to comply with its promise and published the photographs as delivered with a touching-up of the outlines so as to accentuate the seminudity.

It is further claimed that the written article was false and deceptive and derogatory of the plaintiff's professional attainments as a dancer.

From these allegations it is concluded that the unauthorized publication of the photographs in question was an indecent exposition of the plaintiff which was aggravated by the touching-up of the outlines and that in consequence the defendant committed an unjustifiable libel upon the plaintiff which was amplified by the false and misleading article concerning the nature and character of her profession.

All of this, it is asserted, subjected the plaintiff to public ridicule, scandal, reproach, scorn and indignity in her profession and in her social intercourse among the members of her race. The gravamen of the complaint is the libel resulting from the broken promise of the defendant in neglecting to perform the conditions imposed before the publication of the photographs and in disregarding these conditions by accentuating the seminudity of the plaintiff's body.

The conditions exacted were reasonable ones, and the plaintiff had the right to insist upon their performance by the defendant before it could use the photographs. The photographs delivered

to the defendant were the exclusive property of the plaintiff. (*White Studio, Inc.*, v. *Dreyfoos*, 156 App. Div. 762.) Therefore, the publication of them without her consent or in violation of the agreement made was an unauthorized act.

A photograph or pictorial representation which tends to expose the subject to public ridicule or contempt is just as effective a libel as the most studied form of words. (Newell on Slander and Libel [4th ed.], p. 267; *Merle* v. *Sociological Research Film Corp.*, 166 App. Div. 376; *DeSando* v. *New York Herald Co.*, 88 id. 492.) If the picture in itself tends to bring the plaintiff into disgrace and obloquy, it is not necessary to plead special damage. (*Zbyszko* v. *New York American*, 228 App. Div. 277.) While the plaintiff as an artist's model had exhibited herself in the seminude she had the right to restrict the use of such photographs to the purpose intended, which was that of an artistic representation. The use of such photographs outside of this field without her consent could rightfully be complained of. In other words, the plaintiff could not object to such photographs being displayed as an artistic representation, because such was their intended design, but she had the right to prevent their exhibition in her profession as a dancer. As an artist's model, such photographs may not be regarded as *contra mores*, but as a dancer the standards of morality might call them into question.

The motion to dismiss is denied. Order signed.