LEO A. HEYMANN and HENRIETTA E. HEYMANN, Appellants, *v.* DODD MEAD AND COMPANY, INC., Respondent.*

First Department, November 22, 1940.

* Revg. 174 Misc. 187.

*Benj. M. Kaye* of counsel [*Milton Kunen* with him on the brief; *Kaye, Scholer, Fierman & Hays*, attorneys], for the appellants.

*Arthur E. Farmer* of counsel [*Benjamin H. Stern* with him on the brief; *Stern & Reubens*, attorneys], for the respondent.

PER CURIAM. The complaint alleges the publication by the defendant of a book entitled " Our G-Men," devoted to the exploits of notorious criminals against the laws of the United States and the activities of Federal agencies engaged in law enforcement. Included in the book is a photograph exhibiting the plaintiffs while their luggage is under examination by customs authorities, under which appears the statement, " Customs Inspectors are on the job when ships reach port. They have an uncanny knowledge of hiding places."

We think these allegations of the complaint are sufficient to constitute a cause of action for libel and that a jury should decide whether persons observing the plaintiffs' photograph in this context and reading the statement beneath the photograph would reasonably conclude that in the examination of the plaintiffs' luggage the inspectors, by their uncanny knowledge of hiding places, had detected merchandise which was intended to be concealed. (*Demos* v. *New York Evening Journal Publishing Co.*, 210 N. Y. 13; *Morrison* v. *Smith*, 177 id. 366; *Zbyszko* v. *New York American, Inc.*, 228 App. Div. 277.)

From the allegations of the supporting affidavits on the motion to dismiss the complaint as barred by the Statute of Limitations, it is impossible to determine whether the statute applies. The allegations of the affidavits are as consistent with four separate publications as with a single publication followed by continuous sales supplied by four successive printings of the book. (*Wolfson* v. *Syracuse Newspapers, Inc.*, 254 App. Div. 211; affd., 279 N. Y. 716.) The motion made upon that ground should, therefore, likewise be denied.

The order and judgment should be reversed, with costs, and the motion denied, with leave to the defendant to answer within ten days after service of order, on payment of said costs.

Present — MARTIN, P. J., GLENNON, UNTERMYER, DORE and CALLAHAN, JJ.

Judgment and order unanimously reversed, with costs, and motion denied, with leave to the defendant to answer within ten days after service of order, on payment of said costs.