ERNEST KLEIN, Doing Business as U. S. CUTLERY MFG. CO., Respondent, v. EKCO PRODUCTS COMPANY et al., Appellants.— In an action to recover damages for copying plaintiff's novel device in breach of a confidential relationship, trademark infringement, and unfair competition, defendants appeal from an order denying their motion for judgment on the pleadings or for summary judgment. Order affirmed, with $10 costs and disbursements. No opinion. MacCrate, Beldock, Murphy and Ughetta, JJ., concur; Wenzel, Acting P. J., dissents and votes to reverse the order and to grant defendants' alternative motion for summary judgment with respect to the first cause of action, with the following memorandum: The relationship between the parties herein, as conceded by both sides, was established and finds its complete expression in the five letters attached to the defendants' answer. There is nothing in any one or all of them which even intimates a confidential relationship. To the contrary, the plaintiff's first letter refers to its "newly patented knife blade". Patenting involves publication. The parties were, therefore, dealing at arm's length, and not under circumstances that might have prevailed had the defendants been advised that the knife blade was of secret or previously undisclosed design or pattern. [See post, p. 1060.]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NICHOLAS MAN-FREDI, Appellant.— Defendant appeals from a judgment of the County Court, Kings County, convicting him of the crime of attempted rape in the first degree and sentencing him to serve a term of ten to twenty years, from the sentence and from intermediate orders. Judgment affirmed. No opinion. No separate appeal lies from the sentence and from intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Schmidt and Beldock, JJ., concur; Murphy, J., dissents and votes to reverse the judgment of conviction and to grant a new trial, on the ground that the proof adduced failed to establish defendant's guilt beyond a reasonable doubt. Ughetta, J., dissents and votes to reverse the judgment of conviction and to dismiss the indictment on the ground that the proof adduced failed to establish defendant's guilt beyond a reasonable doubt.