Charles J. Beckinella, J.
This is a motion by one of the defendants to dismiss the complaint under rule 106 of the Buies of Civil Practice for failure to state facts sufficient to constitute a cause of action.
The complaint alleges that one of the plaintiffs invented a wax applier, filed for letters patent, assigned his interest to plaintiff Carin Enterprises, which licensed the plaintiff Feed-O-Matic Corp. of America to manufacture and sell same; that the latter corporation subsequently entered into a contract with defendant Neo-Line Products Corp. for the manufacture of moulds, tools and dies; that the last-named defendant was to manufacture the wax applier for the sole account of Feed-OMatic, for which purpose defendant Neo-Line obtained from Feed-O-Matic information of a secret and confidential nature, blueprints, designs, drawings, etc. relative to the design and manufacture of said wax applier. The complaint further alleges that Neo-Line affirmatively agreed not to disclose said information-tó any other person or corporation and agreed not to make or manufacture any moulds or parts of the wax applier for any other person or corporation; further that defendant NeoLine failed to fulfill its part of the agreement, refused to return materials, drawings, etc. and fraudulently and willfully appropriated them for its own use and to manufacture, distribute, sell or offer for sale the said wax applier or one of the same kind, design and novel principle and idea invented by plaintiff; that defendant Neo-Line and defendant Goldsmith Bros. Inc., acting in concert and with full knowledge of the fraudulent appropriation of the idea and design, manufactured, distributed, sold or offered for sale said wax applier in great numbers and advertised same as the property of the individual defendants and Neo-Line. The complaint prays for injunctive relief, for an order directing defendants to turn over all materials, etc. and that defendants be directed to account and reimburse plaintiff for the damages.
Defendant Neo-Line urges (1) that no confidential relationship existed between plaintiff and Neo-Line; hence a complaint based upon fraudulent breach of a fiduciary nature and framed in equity does not state a cause of action; (2) that the complaint contains no allegations of actual fraud and therefore does not contain sufficient facts to state a cause of action therefor.
*193 As to the claim of absence of any fiduciary relationship between the parties, the law is that on a motion addressed to the complaint its factual affirmations must be accepted (Hammond v. Town of Caldwell, 282 App. Div. 798) and every material allegation and every fact which can be fairly and legitimately drawn therefrom is deemed admitted (Lenkiewics v. Wiktorek, 126 Misc. 218; Klemin v. Smith, 161 Misc. 189).
In Hoeltke v. C. M. Kemp Mfg. Co. (80 F. 2d 912, 923) the court stated: ‘ ‘ While there was no express agreement that defendant was to hold the information so disclosed as a confidential matter and to make no use of it unless it should purchase the invention, we think that in equity and good conscience such an agreement was implied; and having obtained the disclosure under such circumstances, defendant ought not be heard to say that there was no obligation to respect the confidence thus reposed in it.” The court also stated that while the general rule was that the monopoly of a patent which entitles a patentee to damages for infringement commences only when the patent is granted, where, in advance of the granting of a patent, an invention is disclosed to one who, in breach of the confidence thus reposed, manufactures and sells articles embodying the invention, such person should be held liable for the profits and damages resulting therefrom, not under the patent statute, but upon the principle that equity will not permit one to unjustly enrich himself at the expense of another. (See, also, Klein v. EKCO Prods. Co., 135 N. Y. S. 2d 391, affd. 285 App. Div. 908, motion for leave to appeal denied 285 App. Div. 1080.) The case of Bristol v. Equitable Life Assur. Soc. (132 N. Y. 264) cited by defendant, is not in point. In that case the court held upon the facts set forth that there had been a disclosure of a system and distinguished between a system and an invention and observed (p. 267): “ Whoever infringes [in such case] takes benefits or profits which otherwise would naturally come to the producer.” There is nothing in the complaint from which it would appear that plaintiff’s invention was in the public domain, or that others than plaintiff and defendant Neo-Line, to whom it was disclosed under a claimed confidential relationship, knew of it. The other cases cited by defendant are factually different or distinguishable in law. Since the complaint sets up a good cause of action in equity for injunctive relief or infringement of plaintiff’s invention, it is unnecessary to consider the second point urged by defendant that the complaint does not set up a cause of action for fraud.
The motion to dismiss the complaint is denied. Settle order on notice.