(156 App. Div. 762.)

WHITE STUDIO v. DREYFOOS et al.

(Supreme Court, Appellate Division, First Department. May 29, 1913.)

TRADE-MARKS AND TRADE-NAMES (§ 67*)—UNFAIR COMPETITION—REPRODUCTION OF PHOTOGRAPHS.

A photographer, famed for making originals which he did not copyright, may not enjoin a defendant, engaged in manifold reproductions, on the ground of unfair competition, from using photographs made by plaintiff for reproduction, when such photograph was given to defendant with the sitter's consent.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 78; Dec. Dig. § 67.*]

Appeal from Special Term, New York County.

Action by the White Studio against Alexander W. Dreyfoos and another. From an order granting an injunction pendente lite, defendants appeal. Reversed, and motion for injunction denied.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Fixman, Lewis & Seligsberg, of New York City (Leo. G. Rosenblatt, of New York City, of counsel), for appellants.

Leon Laski, of New York City (George Edwin Joseph, of New York City, of counsel), for respondent.

CLARKE, J. Plaintiff is a corporation. Its business is that of making original photographs. It uses the name "White" as a trade-name. Defendants are copartners doing business under the name Apeda Studio. Their chief business is that of manifold reproduction of photographs, and in the theatrical trade their name "Apeda" has become almost synonymous with photographic reproduction.

Plaintiff's claim is that the defendants have reproduced plaintiff's work in large quantities, and sold such reproductions at a less rate than it charges. It claims that it was being unfairly competed with. The defendants offer to omit the plaintiff's name from its reproductions, but this is not what the plaintiff desires. It wants the benefit of the increased advertisement caused by the distribution of the defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ants' reproductions with its name appearing thereon; but, in addition, it asks that there should appear "Reproduced by Apeda," or words to that effect.   The order appealed from provides:

"That the defendants, and each of them, their agents, servants, and employés, be and they hereby are enjoined and restrained during the pendency of this action from reproducing photographs posed, taken, and made by the plaintiff, and on which reproductions appear the plaintiff's trade-name, unless the said defendants shall indicate on such photographic reproduction in some suitable words that the same is a photographic reproduction of a photograph originally made, taken, and posed by this plaintiff; and it is further ordered that the defendants, and each of them, their agents, servants, and employés, be, and they hereby are, enjoined and restrained, during the pendency of this action, from making, selling, vending, or otherwise disposing of reproductions of photographs originally taken, made, and posed by the plaintiff, and upon which reproductions appear the plaintiff's trade-name 'White,' unless the defendants shall indicate upon the said photographic reproductions in some suitable words that the same are reproductions made by the defendants of photographs originally taken, made, and posed by the plaintiff herein."

It is settled law that the ordinary contract between a photographer and his customers is a contract of employment.   The conception as well as the production of the photograph is work done for the customers, and they, not their employé, are the exclusive owners of all proprietary rights.   Boucas v. Cook, 2 K. B. 227; Press Pub. Co. v. Falk (C. C.) 59 Fed. 324; Pollard v. Photographic Co., L. R. 40 Ch. Div. 345, cited in Roberson v. Rochester Folding Box Co., 171 N. Y. 538, 64 N. E. 442, 59 L. R. A. 478, 89 Am. St. Rep. 828.   In the Roberson Case, the Court of Appeals suggested that:

"The legislative body could very well interfere and arbitrarily provide that no one should be permitted for his own selfish purpose to use the picture or the name of another for advertising purposes without his consent."

The Legislature took the hint, and in sections 50 and 51 of the Civil Rights Law (chapter 6, Consol. Laws 1909; chapter 14, Laws 1909) prohibited the use for advertising purposes or for the purposes of trade of the portrait or picture of any living person without having first obtained the written consent of such person.   The actress, the reproduction of whose portrait is one of the acts complained of, gave to the defendants written orders for such reproductions, and with instructions that they should be marked "Apeda, N. Y."

The plaintiff has no copyright.   It has no right to sell and dispose of reproductions from its negative without the consent of its sitter. Having no copyright, it attempts to prevent the defendants from reproducing and selling, with the consent of the sitter, as if it had such copyright.   The language of the court in Bamforth v. Douglas Post Card Co. (C. C.) 158 Fed. 355, is applicable:

"No question under the law of trade-marks or the law of unfair competition is now involved.   These cards are not trade-marks, either singly or collectively, in any sense of the word.   They do not identify and distinguish the complainants' product, but are the product itself; and there can be no question of unfair competition, because the complainants have no legal right to the exclusive production and sale.   It would be useless to elaborate a subject so well understood.   A photograph, if it be also an artistic production, the result of original intellectual conception on the part of the author, may be copyrighted with the same effect as if it were a book; but, without

this protection of the federal statutes, neither the book nor the photograph can continue to be the author's exclusive property, after it has been printed and offered to the public for sale. * * * No doubt a photograph might be adopted as a trade-mark to distinguish a manufactured article; but how a photograph, if it be also a work of art and therefore capable of copyright, can be the subject of unfair competition, I am unable to understand. The only possible way to compete with such a photograph is to reproduce it, and any one may do this lawfully after it has been published, unless the protection of the federal statutes concerning copyright has previously been obtained. * * * To copy is therefore not to compete unfairly in a legal sense, but to compete with the full sanction of the law."

The attempt here made to prevent copying without complying with the provisions of the copyright law must fail. As the plaintiff has refused the offer of the defendants to eliminate its name from the reproductions, it has no substantial claim to any equitable relief.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion for an injunction denied, with $10 costs to the appellants. All concur.