SAMUEL FRANK, Plaintiff, *v.* DAVID'S FIFTH AVENUE, INC., and FORMA CORPORATION, Defendants, and DAVID'S FOR BAGS, INC., Impleaded Defendant.

Supreme Court, Special Term, New York County, June 21, 1940.

*Millard E. Theodore*, for the plaintiff.

*Grant, Clark & Fox* [*Byron Clark, 3d*, of counsel], for the defendant Forma Corporation.

*Ralph E. Schneider*, for the impleaded defendant.

WALTER, J. For several years prior to October 1, 1939, the plaintiff and the defendant David's for Bags, Inc. (hereinafter called David), leased separate stores in the same building from the defendant Forma Corporation. Plaintiff sold jewelry, and David sold bags, shoes and hosiery. Plaintiff's lease contained a covenant against leasing any other part of the building for the sale of *jewelry*, with the proviso that such restriction did not apply to " such *novelties* as might be sold in a millinery or bag store or dress shop, which *novelties* are necessities for their line of business." Both leases expired on September 30, 1939, and during the summer of 1939 each lessee negotiated for a renewal. Plaintiff wanted a reduction of rent. David wanted additional space and permission to sell additional types of articles. The landlord told the plaintiff of David's desires, and also told David that plaintiff's lease would be renewed for the sale of jewelry. While the negotiations with plaintiff were in progress Forma Corporation executed a new lease to David, and instead of following the normal course of having the term thereof commence upon the expiration of the existing lease, the parties canceled the existing lease as of August 14, 1939, and made the term of the new lease commence on August 15, 1939. That new lease likewise is for the sale of bags, shoes and hosiery,

but it also provides that after October 1, 1939, David may sell "*novelty jewelry.*" After the execution of that new lease to David, a new lease to plaintiff was executed, but plaintiff was not told of the execution of the new lease to David nor of the contents thereof. By the new lease to plaintiff the landlord covenants that no other store in the building "shall hereafter be rented during the term of this lease for the sale of jewelry," with the proviso that such restriction does not apply to "*such novelties* as might be sold in a millinery or bag store or dress shop, which novelties are *usually sold* in such lines of business."

Plaintiff contends that David is now selling jewelry and that that is a violation of the covenant in his lease, and by this action he seeks to enjoin David from making such sales and to enjoin the landlord from permitting David to make them.

Defendants contend that as the new lease to David was executed before the execution of the new lease to plaintiff, there necessarily has been no violation of any covenant in the latter lease. I do not think, however, that the words "shall hereafter be rented during the term of this lease for the sale of jewelry" are fairly susceptible of that construction. The real meaning, I think, is that during the term of plaintiff's lease no renting of any other store in the building for the sale of jewelry shall be in existence. To read them otherwise is to deprive them of substance and permit the landlord to keep the word of promise to the ear while breaking it to the hope, and in effect sanction a fraud upon the plaintiff.

Defendants further contend that "jewelry," which plaintiff is permitted to sell, and "novelty jewelry," which David is permitted to sell, are two different things, and upon the trial much evidence was addressed to the question of what is "jewelry" and what is "novelty jewelry." No clear line of distinction was established, however, the same articles being described by some witnesses as one, and by other witnesses as the other. On the other hand, it was established that at least to a certain extent the plaintiff and David are selling the same kind of articles, even to the extent of buying some of them from the same manufacturer. The evidence established, in short, that, at least in mercantile parlance, novelty jewelry is jewelry of some sort. It thus follows that in making a lease to David for the sale of "novelty jewelry" the landlord plainly violated the covenant in the lease to the plaintiff, unless the "novelty jewelry" which David sells comes within the exception of "novelties" which are "usually sold" in millinery or bag stores or dress shops, and I am of the opinion that the evidence fails to establish that exception.

As to Forma Corporation, the landlord, the case thus plainly is one in which an injunction should issue. (*Waldorf-Astoria Segar Co.* v. *Salomon*, 109 App. Div. 65; affd., 184 N. Y. 584.)

David claims that it had no notice of the restrictive covenant contained in the lease to the plaintiff, and consequently no relief against it can be granted, but it had knowledge of the open and visible fact that plaintiff was a tenant for the sale of jewelry and of the fact that plaintiff's lease was to be renewed for that purpose, and when, with such knowledge, it did the unusual thing of canceling its existing lease and taking a new lease in which the right to sell novelty jewelry was postponed until the day after the expiration of the plaintiff's existing lease, I think it must be held that it was at least put upon inquiry, and hence must be treated as if it had inquired and been informed of the existence of the restrictive covenant in plaintiff's lease, and that the covenant consequently is enforcible against it also. (*Goldstein* v. *Hunter*, 257 N. Y. 401, 405, 406; *Vogeler* v. *Alwyn Improvement Corp.*, 247 id. 131, 135.)

David's Fifth Avenue, Inc., another defendant named in the action, has no lease of any store in the building in question and the action was discontinued as to it upon the trial.

The plaintiff is accordingly entitled to judgment restraining defendants Forma Corporation and David's for Bags, Inc., from selling or exhibiting or offering for sale or permitting any one other than the plaintiff to sell or exhibit or offer for sale, in any store in the building known as No. 255 West Eighty-fourth street, borough of Manhattan, city of New York, any articles of jewelry, whether known or described as novelty jewelry or simply as jewelry, prior to September 30, 1941, the date of the expiration of plaintiff's lease.

Any damage which may have resulted to the plaintiff from David's sale of jewelry in the past results solely from Forma Corporation's own breach of its contract with the plaintiff, and David cannot be held liable therefor. (*Standard Fashion Co.* v. *Siegel-Cooper Co.*, 44 App. Div. 121, 131.) The complaint does not ask for damages as against Forma Corporation, and no damages were proved upon the trial, and the very reason for resorting to equity for an injunction is that the damages are difficult of ascertainment and the remedy at law is inadequate.

The plaintiff is awarded costs. Settle judgment upon notice.