SAMUEL FRANK, Appellant, Respondent, *v.* DAVID'S FIFTH AVENUE, INC., Defendant, and FORMA CORPORATION, Respondent, Appellant, and DAVID'S FOR BAGS, INC., Impleaded Defendant, Respondent, Appellant.*

First Department, March 21, 1941.

* See 174 Misc. 1009.

*Millard E. Theodore*, for the plaintiff.

*Byron Clark* of counsel [*Patrick J. Murphy* with him on the brief; *Grant, Clark & Fox*, attorneys], for the defendant Forma Corporation.

*Herbert Kaufman* of counsel [*Ralph E. Schneider*, attorney], for the impleaded defendant, David's For Bags, Inc.

TOWNLEY, J. Plaintiff, a tenant in the building known as 255 West Eighty-fourth street, borough of Manhattan, city of New York, brought this action for a permanent injunction and damages against its landlord, Forma Corporation, and against another tenant of a store in the same building, David's For Bags, Inc. The theory of the complaint is that the landlord and David's For Bags, Inc., committed some breach of duty toward the plaintiff by executing a lease between the landlord and David's For Bags, Inc., which permitted the latter to sell novelty jewelry such as might be or usually is sold in a millinery or bag store or dress shop. The trier of the facts at Special Term found that the defendants breached their duty, either contractual or otherwise, to the plaintiff and granted an injunction. We find nothing in the facts to justify this judgment.

Plaintiff has been in occupancy of a jewelry store in the above premises for nine years. He was in possession of the premises under a lease at a rental of something more than $400 a month. His lease, dated August 10, 1937, was to expire September 30, 1939. David's For Bags, Inc., has occupied a store in the same premises since 1935 and does a general business in bags, umbrellas and similar articles. Its lease also expired September 30, 1939. Prior to October 1, 1939, plaintiff's lease contained the following covenants:

" 2. Tenant shall use and occupy the demised premises as a retail jewelry store for the sale of diamonds, watches, jewelry, silverware, china, glassware, clocks and manicuring sets and for no other purpose. * * *

" 36. * * * the landlord hereby covenants and agrees that no other store in the building, of which the demised premises form a part, shall hereafter be rented during the term of this lease for the sale of jewelry. This restriction does not apply, however, to such novelties as might be sold in millinery or bag store, or dress shop, which novelties are necessities for their line of business."

The prior lease of David's For Bags, Inc., did not provide affirmatively for the selling of novelty jewelry by it.

During the summer of 1939, beginning approximately in June, both parties began negotiations with the landlord with respect to renewals of their leases. The plaintiff wanted a renewal of his lease at a reduced rental, the reduction originally asked being $1,000. The defendant David's For Bags, Inc., wanted to have included in the premises leased by it a small store immediately adjoining. It also wanted to have incorporated in its lease a provision allowing it to sell novelty jewelry after October 1, 1939. In order to give David's For Bags, Inc., immediate possession of the additional space, it was arranged that its lease should be surrendered and a new lease executed covering the entire space. This new lease was executed the 20th day of July, 1939, and contained the following provision as to occupancy:

" *Fourth.* The Tenant shall use and occupy the demised premises for the sale of hosiery, bags, and gloves, and after October 1, 1939, novelty jewelry, and for no other purpose."

The negotiations with respect to the plaintiff's lease continued and finally resulted in a lease which is dated the 2d day of August, 1939.

Some significance is sought to be attached to the surrender of David's For Bags, Inc.'s lease before it expired and the making of the new lease containing the covenant authorizing the sale of novelty jewelry after October first. This was a perfectly normal way of meeting the situation created by said lessee's desire to occupy the additional space on August fourteenth. Obviously, the parties did not want to have two leases covering premises occupied as a single store.

It is apparent from the testimony that the landlord's agent gave full notice to the plaintiff that it was going to enter into this lease with David's For Bags, Inc., and it is equally apparent that the plaintiff consented to the inclusion of this provision. MacFarlan, vice-president of Wood, Dolson & Company, agents for the building, called as a witness by the plaintiff, testified that throughout the negotiations with the plaintiff the latter was told that David's For Bags, Inc., were demanding the right to sell novelty jewelry and that the owner intended to grant such privilege in a new lease. He testified that while plaintiff protested at first, he subsequently consented when he was allowed a reduction of $500 in his rent. David's For Bags, Inc.'s lease, as indicated, was executed considerably before the plaintiff's and at the time of the execution the plaintiff had not accepted the landlord's offer for a new lease. Plaintiff's brother, who conducted the negotiations on his behalf,

testified that he understood that in the future David's For Bags, Inc., were to carry jewelry novelties and that he consented to the inclusion of that paragraph in their lease. David's For Bags, Inc., was not a party to any of the negotiations between Wood, Dolson & Company and Frank.

After the plaintiff had signed his new lease, nothing further was heard of the matter until October 31, 1939, at a time when both leases were in force. Then plaintiff protested in a letter objecting to violation of paragraph " 49th " of plaintiff's new lease with the landlord. This lease provided:

" *Fourth.* The Tenant shall use and occupy the demised premises as a retail jewelry store for the sale of diamonds, watches, jewelry, silverware, china, glassware, clocks and manicuring sets, and for no other purpose. * * *

" *Forty-ninth.* * * * The landlord hereby covenants and agrees that no other store in the building, of which the demised premises form a part, shall hereafter be rented during the term of this lease for the sale of jewelry. This restriction does not apply, however, to such novelties as might be sold in a millinery or bag store, or dress shop, which novelties are usually sold in such lines of business."

It will be noted that the language of paragraph forty-ninth was very carefully phrased so that the landlord covenanted and agreed that no other store in the building " shall hereafter be rented during the term of this lease for the sale of jewelry." Both the agent and plaintiff Frank knew when this clause was written that David's For Bags, Inc., had already been allowed to sell novelty jewelry.

On this state of the record, it is obvious (1) that the landlord committed no wrong against the plaintiff in executing the lease of July twentieth with David's For Bags, Inc.; (2) that David's For Bags, Inc., owed no duty whatever to plaintiff; (3) that plaintiff executed its renewal lease with full knowledge that David's For Bags, Inc., would after October 1, 1939, sell novelty jewelry.

The only possible question that could arise in this case is whether the jewelry that is being concededly sold by David's For Bags, Inc., can properly be classified as novelty jewelry. It conclusively appears from the record that no clear lines of distinction between jewelry in general and novelty jewelry were established by the testimony. There are, of course, certain articles that are obviously in one category or the other. But there are also many articles which are impossible of exact classifications. The evidence establishes that to a certain extent plaintiff and David's For Bags, Inc., were selling the same articles, indeed, buying them from the same manufacturer. This circumstance, however, would be of no

importance unless the article sold by David's For Bags, Inc., could not reasonably be included in the category of novelty jewelry. This fact is not established with sufficient clarity to justify the granting of injunctive relief. That some confusion was likely to result must have been apparent to plaintiff when he executed his lease and exacted a $500 reduction in rent on account of that possibility. We find nothing in the record to indicate bad faith on the part of David's For Bags, Inc., or on the part of the landlord.

The judgment, so far as appealed from by the plaintiff, and the order should be affirmed. The judgment, so far as appealed from by the defendants, should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Judgment, so far as appealed from by plaintiff, and order unanimously affirmed. Judgment, so far as appealed from by the defendants, unanimously reversed, with costs, and the complaint dismissed, with costs. Settle order on notice.