R. RUTH LAWRENCE, Plaintiff, *v.* " JANE " YLLA, Doing Business as " YLLA ", et al., Defendants.

Supreme Court, Special Term, New York County, April 11, 1945.

*Harry Grayer* for plaintiff.

*Walter R. Barry* for McCann-Erickson, Inc., and others, defendants.

*Alfred S. Moses* for Yela Koffler, sued as " Jane " Ylla, defendant.

*Duberstein & Nimkoff* for Paul G. Guillumette and another, copartners doing business under the name of Rappo-Guillumette Pictures, defendants.

*Townley, Updike & Carter* for News Syndicate Co., Inc., defendant.

SHIENTAG, J. Plaintiff sues for an injunction to restrain the unauthorized sale, distribution, exhibition and publication for advertising purposes, by the defendants of a photograph of her dog, and for an accounting for all profits accruing to them and each of them by reason of their use of the photograph.

In June, 1942, plaintiff requested the defendant Koffler to make photographs of her dog. The only agreement entered into between the parties was with respect to the price of the photographs. Koffler made three dozen pictures of the dog and thereafter sent plaintiff prints of the best of those pictures for selection. She made a selection and paid Koffler for two positive prints and subsequently made a further payment for two additional prints.

The defendant Rapho-Guillumette Pictures, acting as agent for Koffler, thereafter submitted to the defendant McCann-Erickson, Inc., an advertising agency, a number of pictures of dogs which Koffler had taken, among them being the photograph of the plaintiff's dog. McCann-Erickson, Inc., purchased the positive print of plaintiff's dog acting as agents for the National Biscuit Company and paid therefor the sum of $25. Beginning in February of 1943 the defendant National Biscuit Company caused to be inserted, in five separate newspapers, various publications of an advertisement which included the photograph of the plaintiff's dog. The defendants The New York Times Company and The News Syndicate Company, Inc., the latter publishing the *Daily News,* each published the advertisement on several occasions.

The evidence does not disclose that the defendants McCann-Erickson, Inc., National Biscuit Company, The New York Times Company and News Syndicate Company, Inc., were ever aware of plaintiff's existence, or of any of her rights to the negative or in the photograph in controversy. The purchase by the first two of these defendants, and the publication by the last two, were bona fide, without any knowledge of the plaintiff's rights, and there was nothing on the photograph itself to indicate to any of these defendants that the plaintiff possessed any right in the photograph of the dog. Plaintiff thus failed to establish that there was either a fiduciary relationship or any privity of contract between her and these four defendants, or that any of them acted with knowledge of her rights or in disregard thereof.

Plaintiff's claim to damages may be asserted solely against the defendants Koffler and Guillumette. It is well settled that the relationship between a photographer and his customer is that of employee and employer; a contract exists between them which grants to the customer all proprietary rights in the negative and in the photographs purchased by the customer. (*Holmes* v. *Underwood & Underwood, Inc.,* 225 App. Div. 360; *White Studio, Inc.,* v. *Dreyfoos,* 156 App. Div. 762.) In the *Holmes* case (*supra,* p. 361) the court said: " The ordinary contract between a photographer and his customers is a contract of employment. ' The conception as well as the production of the photograph is work done for the customers and they, not their employee, are the exclusive owners of all proprietary rights.' "

Plaintiff's property right stemmed directly and exclusively from her contract with the photographer by which the photographer's agent is bound, but the other defendants who were not parties thereto need not respond in damages for breach of plaintiff's contract by Koffler, in the absence of competent proof showing collusion on their part, or that they were not bona fide purchasers for value. (*Frank* v. *David's Fifth Avenue, Inc.,* 174 Misc. 1009, mod. 261 App. Div. 525, affd. 286 N. Y. 614.)

The decision of the Court of Appeals in *Roberson* v. *Rochester Folding Box Co.* (171 N. Y. 538) made it clear that a person does not have a property right in an image independent of the statutory right of privacy. That statutory right of privacy concededly does not cover the case of a dog or a photograph of a dog. Whatever rights a person may have in a photograph of his dog are dependent upon the existence of a contractual relationship between that person and the photographer. If,

for example, a photograph of a dog happens to be taken by a photographer on his own initiative without any arrangement with the owner of the dog, the owner making no payment therefor, all proprietary interest in that photograph, including the right to copyright the same, lies solely with the photographer. (*Altman* v. *New Haven Union Co.*, 254 F. 113.) On the other hand, as in this case, if the photograph is taken at the request of the owner of the animal who pays the photographer for taking it, all proprietary interest in that photograph, including the right to copyright it, lies with the owner. (*Press Pub. Co.* v. *Falk*, 59 F. 324; *Holmes.* v. *Underwood & Underwood, Inc.*, 225 App. Div. 360, *supra.*)

An early case dealing with proprietary rights in sketchings or photographs was *Prince Albert* v. *Strange* (2 De Gex & Smale 652). There, Queen Victoria and her consort, Prince Albert, had made etchings for their own pleasure and had•a few copies struck off from the etched plates for presentation to friends. The workman employed printed some copies on his own account, which afterwards came into the hands of Strange, who exhibited them and published a descriptive catalogue. The court granted plaintiff an injunction restraining defendant from publishing " at least by printing or writing, though not by copy or resemblance ", a description of the etchings. That case has no application here because the court considered it an unpublished work and composition of the plaintiff, which he was entitled to protect under common-law principles applicable to literary or artistic property.

In *Pollard* v. *Photographic Company* (40 Ch. D. 345) a photographer who had taken plaintiff's photograph at her request was restrained from exhibiting and also from selling copies of it on the ground of breach of an implied contract and breach of confidence. The rights of bona fide purchasers for value were not considered.

In *Murray* v. *Gast Lithographic, Etc., Co.* (8 Misc. 36) cited with approval in *Roberson* v. *Rochester Folding Box Co.* (171 N. Y. 538, *supra*) it was held that a parent could not maintain an action to enjoin the unauthorized publication of a portrait of an infant child and could not obtain damages for injuries to his sensibilities caused by the invasion of his child's privacy, because " the law takes no recognizance of sentimental injury independent of a wrong to. person or property ".

Since those cases were decided the law has given recognition to the right of privacy so far as the use of photographs. or names of human beings for advertising purposes is concerned. (Civil Rights Law, § 51.)

It follows, therefore, that plaintiff is entitled to a permanent injunction against all of the defendants restraining any further use of the dog's photograph, but that so far as an accounting is concerned she is entitled to relief only against the defendants Koffler and Guillumette and may have costs as against those defendants. In lieu of any such accounting the parties may stipulate, if they are so advised, with respect to the amount of damages.

Settle findings of fact, conclusions of law and judgment.