SEM BENELLI et al., Plaintiffs, *v.* ARTHUR HOPKINS, Defendant.

Supreme Court, Special Term, New York County, January 27, 1950.

*Arthur F. Driscoll, Milton M. Rosenbloom* and *Everett B. Birch* for defendant.

*John B. Doyle* and *Hugh D. Perry* for plaintiffs.

WALTER, J. The complaint alleges: In 1909 plaintiff Benelli wrote in the Italian language a literary and dramatic composition entitled " La Cena delle Beffe ", the English equivalent of which is " The Banquet of the Jest "; the work was written for the purpose of being produced and acted in public on the theatrical stage; and it was produced and acted in Italy in 1909 and in France in 1910 and 1919. In January, 1926, said plaintiff granted to defendant, by written contract, the sole and exclusive right to produce the play in the United States and Canada until December 1, 1935, with the right to make or procure an English translation or adaptation thereof. Defendant procured a translation or adaptation to be made by Edward Sheldon and caused it to be produced in the United States and Canada under the title " The Jest ". In July, 1939, the two plaintiffs together wrote a new English version or translation of the original play, which they entitled " The Jest ", and showed the manuscript thereof to defendant, a theatrical producer, and endeavored to get defendant and other producers to produce such new English version. Defendant has declared and represented to plaintiffs and to other theatrical producers that plaintiffs' rights to the new English version are not clear and are of doubtful validity and that he has the exclusive right to produce an English version of " La Cena delle Beffe ". Such declaration and representation by defendant are false and have been made with the intent and have had the effect of preventing plaintiffs from procuring the production of their said new English version. Defendant also declares and threatens to other theatrical producers that he intends to and will revive and reproduce the former English version made by Sheldon.

Upon those allegations plaintiffs pray that it be adjudged that they are the authors and exclusive owners of the new English version and exclusively entitled to license the production thereof, and that defendant has no rights therein or thereto; and that defendant be enjoined from asserting the contrary and from reviving or reproducing the Sheldon version.

Defendant moves to dismiss the complaint upon the grounds that the court has no jurisdiction of the subject matter of the action and the complaint does not state facts sufficient to constitute a cause of action for a declaratory judgment.

Defendant's contention with respect to jurisdiction is that the action is one arising under the copyright law of the United States and hence is one of which the Federal courts have exclusive jurisdiction.

The complaint, however, does not mention copyright from beginning to end. So far as appears from its allegations no copyright of the original or of any translation or adaptation or such version ever was obtained by any one. The complaint bases plaintiffs' rights solely upon the right of literary property flowing, under the common law, from the fact of authorship. If the complaint alone be considered it hence is clear that the action is not one arising under the copyright·law and there hence is no lack of jurisdiction.

It is, of course, equally clear that the action is not transformed into one arising under the copyright law because defendant pleads as an affirmative defense in his answer that copyrights of the original play and of the Sheldon version were obtained and have expired and they hence are now in the public domain (*Outcault* v. *Lamar,* 135 App. Div. 110).

Plaintiffs, however, in response to defendant's demand, have served a bill of particulars to which they annex a copy of their new English version, and on the title page of that copy there appear the words " Copyright 1939 ". The implication of that is that the new English version has been copyrighted; and the common-law right of literary property which an author has in what he composes disappears when he obtains a copyright. The two cannot coexist (*Jewelers' Mercantile Agency* v. *Jewelers' Pub. Co.,* 155 N. Y. 241; *Palmer* v. *De Witt,* 47 N. Y. 532; *O'Neill* v. *General Film Co.,* 171 App. Div. 854, 867; *Cohan* v. *Robbins Music Corp.,* 244 App. Div. 697).

Whether the bill of particulars transforms the action from one based upon a common-law right of literary property into one based upon a statutory copyright, or merely foreshadows that plaintiffs will be defeated upon the merits because of inability to prove the cause of action alleged in their complaint, is, I think, a very debatable question.

But even assuming *arguendo* that the bill of particulars has the effect of transforming the action from one based upon a common-law right of literary property into one based upon a statutory copyright, that is not enough to make the action one arising under the copyright law so as to be maintainable only in a Federal court. For even though a plaintiff base his action upon a copyright it still is not an action arising under the copyright law unless the redress he seeks is for infringement of that copyright. If the act of defendant of which the plaintiff complains is not merely an invasion of the statutory copyright but is also the breach of a contract or the abuse of a relation, the copyright owner may count upon such breach or abuse and have

relief accordingly in a State court (*Condon* v. *Associated Hosp. Service*, 287 N. Y. 411, 414; *Underhill* v. *Schenck*, 238 N. Y. 7, 13, 14).

If there never had been any contractual relation with defendant with respect to Benelli's composition, it perhaps would have to be held that defendant's alleged statement as to plaintiffs' and his alleged or purported rights would have to be dismissed as the merely wrongful utterances of a tort-feasor and his threat to produce " The Jest " might have to be regarded as a mere threat to infringe plaintiffs' copyright, if there be one, or plaintiffs' common-law right of literary property, if there be no copyright.

There was, however, according to the allegations of the complaint, a contract giving defendant a right to produce Sheldon's translation or adaptation of Benelli's original composition, and defendant's alleged statements must be assumed to be, not the wrongful utterances of one who intends to commit a tort but an erroneous assertion of contractual rights greater than the now expired contract warrants. Defendant's assertions thus are wrongful, according to the allegations of the complaint, but their wrongfulness consists of a wrongful pretension of the possession of contractual rights rather than a threat to do a purely tortious act.

Defendant's assertions and pretensions of rights in himself cause harm to plaintiffs just as effectively as in *Underhill* v. *Schenck* (*supra*) Herndon's sale of motion picture rights caused harm to Underhill. His assertions and pretensions perhaps cannot accurately be spoken of as a breach of the now terminated contract with Benelli, but it seems to me that they constitute a wrongful use or abuse of the once existing contractual relation just as emphatically as Herndon's sale of motion picture rights was a wrongful use of his contract with Underhill; and just as in *Underhill* v. *Schenck* (*supra*) it was held that the cause of action there asserted was within the jurisdiction of the State court, it seems to me that here, also, plaintiffs' action must be said to be based upon an abuse of a relation, rather than as one seeking redress for the purely tortious act of an infringement of a copyright.

I conclude, therefore, that the cause of action is one of which this court has jurisdiction.

Defendant's further contention that the complaint shows no facts justifying entertaining the action as one for a declaratory judgment seems to me to be completely answered by *Kalman* v. *Schubert* (270 N. Y. 375). The analogy between the two cases

seems to me complete. Here, as there, defendant, on the basis of a writing, is asserting rights with respect to dramatic compositions which plaintiffs say the writing does not confer, and is thereby creating a cloud upon plaintiffs' title to the new English version of that composition; and defendant has not suggested and I have not thought of any other existing form of action by which plaintiffs can get adequate relief.

The motion to dismiss is, therefore, denied.