**Richard AVEDON, Plaintiff,**

**v.**

**Henry L. EXSTEIN, Jr., Frederick Weitzen and Frank Bang, co-partners doing business under the firm name of Marboro Books; Marboro Book Club, Inc.; Lee Friend, Bernard M. Reiss, Harold Reiss and James McGlone, doing business under the firm name of Friend, Reiss, McGlone Advertising: The Springs Cotton Mills; C. L. Miller Company, Inc.; Promenade Magazines, Inc.; Cowles Magazines, Inc.; The Curtis Publishing Company; and The New York Times Company, Defendants.**

United States District Court
S. D. New York.
May 21, 1956.

Rosenman & Mandel, New York City, for plaintiff.

Tell, Cheser, Werner & Breitbart, New York City, Solomon M. Cheser, New York City, of counsel, for defendants Marboro Books, Marboro Book Club, Inc. and Friend, Reiss, McGlone Advertising.

Marco J. Shemaria, New York City, for defendants Springs Cotton Mills, C. L. Miller Co., Inc., Promenade Magazines, Inc., Cowles Magazines, Inc., Curtis Pub. Co.

DIMOCK, District Judge.

This is a motion by defendants, pursuant to Rule 12(b) (6), F.R.C.P., 28 U.S.C., to dismiss the complaint for failure to state a claim upon which relief can be granted.

Plaintiff, a commercial photographer, brought suit to recover damages for infringement of copyright, breach of contract and inducing a breach of contract, and for a declaratory judgment that he is

the owner of the copyright involved. The complaint alleges a contract between plaintiff and defendant Friend, Reiss, Mc-Glone Advertising, advertising agency for defendant Marboro Book Club, Inc., whereby plaintiff was retained by those defendants to make a photograph of a specified subject to be used in an advertisement to be placed in the publication of the defendant New York Times Company. Plaintiff took the picture, delivered it, and was paid for it. The picture appeared, as planned, in the New York Times. Subsequently plaintiff also delivered the negative to defendant Friend, Reiss, McGlone Advertising. Thereafter this advertising agency purported to sell the picture to defendant Springs Cotton Mills which used the picture, with minor retouching, in advertisements it placed in Promenade Magazine, Look Magazine and Ladies Home Journal. This sale of the picture to defendant Springs Cotton Mills and its use in the magazines are alleged to have been without plaintiff's knowledge or consent.

Plaintiff's complaint includes eight causes of action. In view of my conclusion, it is unnecessary for me to enumerate the causes of action, specifying the theory and defendants in each. It will suffice to treat the complaint in its entirety.

Plaintiff must stand or fall on his allegations in paragraph four of his complaint. He there alleges the agreement whereby plaintiff was to take a picture to be used by defendant Marboro Book Club, Inc., in an advertisement in the New York Times. He further alleges that:

"Said agreement, pursuant to the custom and usage which was then and still is universally prevailing in the relationship between commercial photographers and advertising agencies and advertisers, which customs and usage were well known and understood to plaintiff and said defendants, contained, among others, the following provisions which were implied in fact as part of said agreement:

"A. Plaintiff was to be the owner of the negative;

\*    \*    \*    \*    \*    \*

"D. The photograph which plaintiff agreed to produce upon special order to advertise the specific product sold by defendant Marboro was licensed to be used only by said defendant, and did not include any grant to said defendant of the right to sell to or sublicense other advertisers the right to use or publish the photograph."

If evidence in support of these allegations would be admissible at trial, the defendants' motion to dismiss must be denied. Defendants contend, however, that evidence of custom and usage cannot be offered to alter a general rule of law and that there is a general rule of law that a photographer, employed to take a picture for a client, retains no rights in the picture after delivery except such as are expressly reserved. Without this evidence of custom and usage, defendants argue that the complaint, as presently drawn, must be dismissed.

Plaintiff concedes that there is a long line of photography cases holding that all rights to a delivered picture are in the client who hired the photographer to take the picture. Furthermore, plaintiff in effect admits that, if this rule of law is applicable to this action, he would not be able to offer evidence of custom and usage.

To avoid the effect of this rule of law, plaintiff argues that it is applicable only to portrait photography cases, not to commercial photography such as is here involved. Plaintiff says that the purpose of the rule in portrait photography cases was to prevent a "breach of confidence" whereby a photographer could "cause mischief to the unwary person who did not realize that his portrait might be susceptible to \* \* \* future use." This protection, he says, is not needed in commercial photography.

I cannot agree that there is any less need of this protection in commercial photography than in portrait photogra-

phy. Just as one who had his picture taken would not relish seeing it published by others, so a commercial client, attempting to attract customers to *his* product by means of a picture, would not relish seeing others trying to attract customers by means of the same picture. We all know that novelty and imagination are two of the most important requirements of good advertising.

What plaintiff labels the "portrait photograph" rule of law was applied to a commercial advertising case by this court in Grant v. Kellogg Co., D.C.S.D. N.Y., 58 F.Supp. 48, 51, affirmed, 2 Cir., 154 F.2d 59. In that case, a commercial artist, sought to recover on grounds similar to this plaintiff. The court dismissed the complaint, stating:

"Plaintiff had never reserved any title to any of his work * * *.

"The question then remains whether or not defendant, by the purchase of plaintiff's art work, acquired full and complete title, without any reservation of rights in [plaintiff] * * *.

"It is, I think, well settled that the art work here involved is personal property, transferrable by sale and delivery, and there is no distinction in that respect between it and property of any other description. * * *

"If in the transfer there was any limitation for the benefit of the plaintiff, that limitation, restriction or reservation, whatever it may be called, must have been expressed and clearly imposed. Otherwise it will not be presumed."

Plaintiff cites three cases in which he says evidence of custom and usage was admitted to show that the photographer or artist had retained rights in the delivered work. The three cases he cited are Lawrence v. Ylla, Sup., 184 Misc. 807, 55 N.Y.S.2d 343; Colten v. Jacques Marchais, Inc., Mun.Ct., 61 N.Y.S.2d 269;

and Grant v. Kellogg Co., supra. I do not read these opinions as standing for that proposition. In Lawrence v. Ylla, supra, no mention was made of custom and usage; rather, as against the photographer, plaintiff there was held to own all rights to the picture simply on the rule of law that a client obtains all rights to a picture once delivered. In the other two cases, Colten v. Jacques Marchais. Inc., supra, and Grant v. Kellogg Co., supra, it is true that there was a trial before decision was rendered, but that was only because of the fact that the complaints in both cases included an allegation that the contract provided for a reservation of rights in the photographer. Of course, if the contract provided for retention of rights in the photographer, it must govern. Therefore, in these two cases, there was a trial on the issue of whether such a retention-of-right clause was part of the contract. There was no evidence admitted relating to custom and usage. In fact, in Colten v. Jacques Marchais, Inc., supra, 61 N.Y.S.2d at page 271, the court stated:

"Plaintiff seeks to incorporate into his contract of employment certain usage and custom in the field of commercial photography, which, it is said, gives plaintiff a right to own and possess the negative or photographs made for his customer.

"Usage and custom cannot be set up to oppose or alter a general principle or rule of law and make the legal rights or liabilities of the parties other than they are by the common law or as fixed by the circumstances of the transaction."

Since plaintiff may not offer evidence of custom and usage, his allegation in paragraph four of his complaint must fail. Therefore, defendants' motion to dismiss the complaint is granted with leave to amend within thirty days from the publication of a note of this decision in the New York Law Journal.