Lester Lazarus, J.
The plaintiff is a photographer who specializes in taking portraits of prominent people. In 1948, while in the process of arranging an exhibition of portraits of prominent architects and sculptors, she requested one Rein *141 hardt, a well-known architect, to pose for a photograph to be used in this exhibition. Reinhardt agreed to, and did, pose for her, as did several other prominent persons in the field; each such person was asked to contribute $25 toward the cost of the exhibition. Reinhardt contributed said sum of $25, but did not purchase any prints of his photograph at that time.
In January, 1950 Reinhardt purchased two prints of the photograph in question from the plaintiff, and in March, 1951 he purchased several additional glossy prints of the photograph; on both occasions payment for the prints was made by Reinhardt’s check. The latter group of prints were stamped with a notice to the effect that the plaintiff had a copyright in the photograph. Plaintiff did not actually obtain such copyright until April 29, 1951, when she fully complied with the copyright laws of the United States.
One of the glossy prints bearing said notice of copyright was given by Reinhardt in 1955 to one Orwig of the Architectural Record, a magazine. This print was given in turn to the defendant who caused it to be published in the November, 1955 issue of the Architectural Record, in connection with its advertisement on the merits of the use of copper in industry. Such use of the photograph was made with the express consent of Reinhardt but without the knowledge or consent of the plaintiff.
The instant action was brought by the plaintiff to recover damages for the “ unauthorized use of plaintiff’s portrait of L. Andrew Reinhardt in publishing the same without plaintiff’s knowledge and consent.”
(1) The defendant has contended that the instant action is one arising under the Copyright Law of the United States (U. S. Code, tit. 17, § 1 et seq.) and hence is one of which the Federal courts have exclusive jurisdiction.
The plaintiff’s oral complaint in this action is based solely upon the defendant’s allegedly “ unauthorized ” use of plaintiff’s portrait of Reinhardt; it makes no mention of any copyright in this portrait. True, the plaintiff introduced evidence at the trial showing that she had obtained a copyright of the portrait in question. However, even assuming that the introduction of such evidence had the effect of transforming the action from one based upon a common-law right to one based upon a statutory copyright, that is not enough to make the action one arising under the copyright law so as to be maintainable only in a Federal court. For even though a plaintiff base her action upon the existence of a copyright, it still is not an action arising under the copyright laws unless the redress she seeks is for infringement of that copyright. (Benelli v. Hopkins, 197 Misc. *142 877.) If the acts of defendant of which the plaintiff complains constitute not merely an invasion of her statutory copyright but also a willful interference with and abuse of her contractual relations with Reinhardt, the plaintiff may count upon such interference and abuse and obtain relief accordingly in a State court. (Underhill v. Schenck, 238 N. Y. 7; Benelli v. Hopkins, supra.) Indeed, State courts have passed upon and decided on the merits issues almost identical to those involved in the instant case. (See, e.g., Lawrence v. Ylla, 184 Misc. 807.)
(2) Having decided that this court has jurisdiction of the subject matter of this action, I must now determine whether the defendant willfully interfered with and abused plaintiff’s contractual relationship with Reinhardt. In order to answer this question, however, it is necessary that I first examine the nature of the relationship between the plaintiff and Reinhardt.
Ordinarily the relationship between a photographer and his subject is that of employee and employer; a contract is presumed between them which grants to the subject all proprietary rights in the negative and in the photographs purchased by the subject. (Holmes v. Underwood & Underwood, 225 App. Div. 360; White Studio v. Dreyfoos, 156 App. Div. 762; Lawrence v. Ylla, supra.) However, in the event that the photograph is taken by the photographer at his instance and for his benefit, the subject loses control of the disposition of the pictures; all proprietary interest in that photograph, including the right to copyright the same, lies solely with the photographer. (Altman v. New Haven Union Co., 254 F. 113; Lawrence v. Ylla, supra.)
In the instant case the plaintiff requested Reinhardt to sit for her in connection with her exhibition; the photograph was to be used for plaintiff’s benefit. While Reinhardt paid her $25 at that time such payment was made not for the portrait, but in order to defray the costs of plaintiff’s exhibit. Under these circumstances, an implied contract must be said to have existed between Reinhardt and the plaintiff pursuant to which all proprietary interest in Reinhardt’s photograph, including the right to copyright the same would lie solely with the plaintiff, and not with Reinhardt. (Lawrence v. Ylla, supra; Altman v. New Haven Union Co., supra; Press Pub. Co. v. Falk, 59 F. 324.) I note that the facts of the instant case are similar to those before the court in Altman v. New Haven Union Co. (supra). In that case a photographer was requested to take a group photograph of a graduating class; he was to receive $1.50 from each member of the class who might purchase a copy of the photograph but he was not to receive any other payment therefor. The court held that the photographer was the lawful *143 owner of the photograph and possessed all proprietary interest thereto.
As stated above, the only rights of plaintiff that this or any State court may consider are those rights which are based upon her contractual relationship with Reinhardt, and which flow directly and exclusively from that relationship. The defendant was not a party to this relationship and therefore would not ordinarily be bound thereby. (See Lawrence v. Ylla, supra.) However, unlike the situation in that case, the photograph that this defendant obtained from Reinhardt bore a notice of plaintiff’s copyright therein. The defendant by reason of such notice was, or should have been, made aware of the fact that plaintiff had, or at least claimed to have, ownership rights in the photograph that existed by virtue of some contractual relationship with Reinhardt. It must consequently be said to have knowingly interfered with and abused this contractual relationship with Reinhardt when it published this photograph without first making inquiry of the plaintiff and obtaining her consent. For such interference and abuse, independent of any question of copyright, defendant may be made to respond in damages in this court. (Benelli v. Hophins, supra.)
Based upon the evidence introduced at the trial, I find that plaintiff has been damaged in the amount of $200, and I accordingly render judgment against defendant in that amount.