Hofstadter, J.
The plaintiff recovered $200 for the alleged wrongful use by the defendant of a photograph of one Reinhardt which the plaintiff had made and in which she claimed ownership of the literary property.
The plaintiff is a professional photographer specializing in taking portraits of well-known people. In 1948, incident to her promotion of an exhibit of portraits of persons of note in the field of art, she requested one Reinhardt, a well-known architect, to pose for a photograph for use in the exhibit. Reinhardt complied and also contributed $25 towards the expense of the exhibit as did most, if not all, of the others whose portraits formed part of the exhibit. At that time Reinhardt bought no prints. However, in January, 1950 he purchased two large prints and in March, 1951 several smaller glossy prints. The last-mentioned prints bore on the reverse side notice of copyright by the plaintiff in 1951.
*934 The defendant, an advertising agency, was instrumental in having published in the November, 1955 issue of the Architectural Record, an article dealing with the merits of copper and intended to promote its use in industry. Reinhardt delivered one of the glossy prints to a representative of the Architectural Record and gave his written consent to its use, both to the defendant and to the magazine. Accordingly, it was published as part of the article referred to. Such publication was made without the plaintiff’s knowledge or consent and in the portrait as so published there was neither notice of copyright nor credit of any kind to the plaintiff as its author. Hence, this action.
The plaintiff effected United States copyright registration on April 29,1951.
Ordinarily the relation between the sitter for a photograph and the photographer is that of employer and employee and the proprietary right resides in the customer, not the photographer, and the latter may not make or distribute further copies without the customer’s consent (Holmes v. Underwood & Underwood, 225 App. Div. 360; White Studio v. Dreyfoos, 156 App. Div. 762; Lawrence v. Ylla, 184 Misc. 807; Avedon v. Exstein, 141 F. Supp. 278), though the photographer’s right to retain custody of the negative in accordance with trade custom has been upheld (Hochstadter v. H. Tarr, Inc., 68 N. Y. S. 2d 762). The parties may expressly agree otherwise or a contrary agreement may be found from the circumstances of a particular case, as where an actress is photographed and is furnished with copies for her own use without charge (Press Pub. Co. v. Falk, 59 F. 324). The Trial Justice held that the facts of this case brought it within the latter rule and that the proprietary right belonged to the plaintiff and not to Reinhardt. It is unnecessary to determine whether this ruling was correct, for even assuming that the plaintiff owned the property the present action is not maintainable.
As already stated, the plaintiff obtained a United States copyright on April 29, 1951. “ No proposition is better settled than that a statutory copyright operates to divest a party of the common-law right ” (Jewelers’ Mercantile Agency v. Jewelers’ Pub. Co., 155 N. Y. 241, 247). Therefore, the plaintiff by securing a statutory copyright surrendered her common-law literary property (Benelli v. Hopkins, 197 Misc. 877) and for the invasion or appropriation of the literary property the sole remedy is an action for infringement of copyright in the Federal court (Cohan v. Robbins Music Corp., 244 App. Div. 697).
While an action in the State court for breach of contract or violation of a relation will lie, though the subject matter is a *935 copyrighted work (Underhill v. Schenck, 238 N. Y. 7; Condon v. Associated Hosp. Service, 287 N. Y. 411, 413-414; Benelli v. Hopkins, 197 Misc. 877, supra), there was no contract or other dealing creating any relation whatever between the plaintiff and the defendant or the Architectural Record. If the defendant violated any right of the plaintiff it was solely in the tortious use of her copyrighted work; this was infringement of copyright, not breach of contract or fiduciary duty.
There is no substance to the attempted treatment of the case as one of wrongful interference with the contract rights between the plaintiff and Eeinhardt. At most the contract vested the plaintiff with ownership of the literary property which ownership she exercised by securing a statutory copyright. Her remedy is, therefore, confined to an infringement action in the Federal court.
The judgment and order should be reversed, with $30 costs, and the complaint dismissed, with costs.
Steuer and Tilzer, JJ., concur.
Judgment and order reversed, etc.