Arthur G. Klein, J.
This is a motion by the plaintiff for an injunction pendente lite. The defendant cross-moves for a dismissal of the complaint on the ground that this court lacks jurisdiction of the action. Plaintiff alleges that it originated a plan of offering fixed-price stays at hotels in various cities throughout the world, and registered certain names and trademarks in connection with the operation of said plan. It also copyrighted certain manuals in connection therewith. It is alleged that the plaintiff entered into an agreement with the defendant, the operator of a world-wide airline, whereby the latter could use its plan and program, manuals, trade names and trade-marks, subject to certain conditions which were set forth. Plaintiff claims that defendant has breached and continues to breach the agreement and has failed to live up to the conditions thereof, all to the plaintiff’s damage. It further claims that it elected to terminate the agreement and demanded that the defendant cease to take the benefits thereof for itself. In the complaint plaintiff seeks an injunction and money damages.
The complaint does not state an action to enforce a copyright or for an infringement thereof. The action is based on a contract or agreement between the parties, the alleged breach by the defendant and defendant’s abuse of the relationship that resulted from the obligation of the contract. The complaint primarily seeks money damages for a breach of the pleaded contract and for the abuse of such relationship. The plaintiff demands also an injunction restraining the defendant from continuing to appropriate to itself the profits resulting from the use of plaintiff’s plans and ideas.
This court has jurisdiction of an action based on the alleged breach of a contract or the abuse of a relationship which grew out of said contract even though the agreement involved a copyrighted or a trade-marked article. If the same act complained of is not merely an invasion of the statutory right of property, but is also the breach of a contract or the abuse of a relationship, the copyright owner may count upon such breach or abuse and have relief accordingly in this court (Underhill v. Schenck, 238 N. Y. 7; Benelli v. Hopkins, 197 Misc. 877; Broadcast Music v. Buck, 34 N. Y. S. 2d 337, affd. 264 App. Div. *126 750; motion for leave to appeal denied 264 App. Div. 767). The defendant’s cross motion to dismiss the complaint is accordingly denied. The facts stated in the affidavits submitted in support of the motion, however, are insufficient to warrant the drastic relief demanded by the plaintiff in advance of the trial, particularly in view of the fact that the action may he tried within a short time. The motion for an injunction pendente lite is accordingly denied on condition that the defendant co-operate completely to bring about an early trial of the issues.
Settle order.