ARCH MUSIC CO., INC., et al., Plaintiffs, *v.* GLADYS MUSIC, INC., et al., Defendants.

Supreme Court, Special Term, New York, June 7, 1962.

*Dreyer, Feinman, Ginsberg & Hack* (*Norma Hack* of counsel), for Gladys Music, Inc., and others, defendants. *Walter Hofer* for plaintiffs.

OWEN McGIVERN, J. Defendants Gladys Music, Inc., Elvis Presley Music, Inc., and Radio Corporation of America move pursuant to rule 107 of the Rules of Civil Practice for an order dismissing the first cause of action on the ground that the court lacks jurisdiction of the subject thereof, and pursuant to rule 106 for dismissal of the second cause of action for insufficiency, or, in the alternative, pursuant to rule 90 for an order requiring the plaintiffs Schroeder and Gold to serve an amended complaint in which their causes will be separately stated and numbered and, finally, pursuant to rule 103 for an order striking out the allegations of paragraph 25 of the complaint.

The first cause is asserted solely on behalf of the corporate plaintiff. Defendants allege as to that cause that both the corporate plaintiff and the defendant Gladys Music, Inc., have registered the musical composition which is the subject of controversy under the copyright laws of the United States, and that this cause of action is one for infringement of statutory copyright over which this court has no jurisdiction. Plaintiff contends that the

first cause of action seeks merely a declaration with respect to contractual rights between the various parties with respect to which this court has jurisdiction. The allegation in the complaint that plaintiffs Schroeder and Gold have engaged in agreements with the principal defendant Gladys Music, Inc., copies of which agreements have not been submitted, is inadequate to support the jurisdiction of this court, particularly in view of the fact that the corporate plaintiff is sole party plaintiff to the first cause of action and defendants are strangers to the contract between plaintiffs pursuant to which the corporate plaintiff claims ownership of the copyright in dispute. Furthermore, it clearly appears from the allegations of the first cause and from the relief sought that plaintiff claims copyright ownership and interference the exclusive jurisdiction of which is in the United States District Court. (U. S. Code, tit. 28, § 1338; *Jewelers' Mercantile Agency* v. *Jewelers' Pub. Co.*, 155 N. Y. 241, 247; *Young* v. *J. M. Hickerson, Inc.*, 9 Misc 2d 932; *Wooster* v. *Crane & Co.*, 147 F. 515.) In the latter case the court noted at page 516, that " A suit, the primary and controlling purpose of which is to enforce a right secured by the copyright laws which is being infringed by the defendants, is a suit under those laws, and within the jurisdiction of the federal Circuit Courts, although it incidentally draws in question the validity, interpretation, and effect of a contract through which the complainant derives title." Under its present posture, the first cause must be dismissed for lack of jurisdiction with leave to replead.

The second cause is asserted on behalf of the individual plaintiffs. They allege affiliation with the defendant American Society of Composers, Authors & Publishers and an agreement by the plaintiff Gold, dated July 6, 1959, and by the plaintiff Schroeder, dated May 11, 1959, with the defendants Gladys Music, Inc., and Elvis Presley Music, Inc. The plaintiffs then allege that they were required by virtue of those agreements with Gladys Music, Inc., to rebate to Elvis Presley one third of any writers' earnings that might be received exclusive of performance royalties under the threat of not being able to acquire any Elvis Presley musical recordings. It is further alleged that plaintiffs were notified that defendant Elvis Presley would record no musical compositions unless he received such rebate. The second cause appears to be based upon the claim of deceit but the allegation of threat is conclusory and of no legal effect and the allegation of falsity of such alleged representation is not sufficiently set forth. Moreover, it is alleged that the claimed representation was made by the defendant Gladys Music, Inc., and there is no allegation upon which to impose any liability on

the other moving defendants as either necessary or proper parties. In any event, the individual plaintiffs have failed to state a valid cause of action based upon deceit against the principal defendant Gladys Music, Inc., and in consequence against the other moving defendants.

Accordingly, defendants are entitled to the dismissal of the first cause of action, pursuant to rule 107, and of the second cause of action, pursuant to rule 106, and the motion is granted to that extent, with leave to plaintiffs to serve an amended complaint within 20 days from service of a copy of this order with notice of entry. The application for relief pursuant to rule 90 is not reached. The application for relief pursuant to rule 103 with respect to paragraph 25 of the complaint is not passed upon and the objection is reserved and may be raised with respect to the amended complaint to be served.