OPINION OF THE COURT
David B. Saxe, J.
On October 13,1982 at a New York State unemployment office in New York City, Ms. Marilyn Schrut, a free-lance photographer, noticed President Reagan’s son Ron standing in line, presumably waiting to receive his benefits. Quickly realizing the irony of this situation, Ms. Schrut shot a photograph which she sold that day to the New York Post. It appears the New York Post, News Group Publication Inc. (a subsidiary of the named defendant) published these now-famous photographs on October 14, and 15,1982 pursuant to a written agreement for which News Group Publications, Inc., paid the claimant $550.
The contract between the parties reads as follows: “The Post agrees to pay Ms. Schrut the sum of $250.00 as a holding fee for the photographs of Ronald Reagan Jr. taken in the 20th Street New York dept [sic] of Labor today. The Post further agrees to pay Ms. Schrut a further sum of $550.00 upon publication of the photographs in the New *846 York Post. The Post agrees the pictures are for one time use only in the Post but the Post reserves the right to flash back to the pictures in subsequent editions.”
The disputed photograph was reproduced by the Post on December 30, 1982 in the context of a year-end “current events quiz,” without reproducing the original article in which the photograph had appeared, and without any reference to the term “flash back.”
The claimant therefore contends that the Post breached its agreement with her. She sues for the sum of $1,500 representing damages for “photographic services rendered.” The defendant moved to dismiss the complaint on the ground that this court does not have subject matter jurisdiction of the matter since Ms. Schrut’s claim is based upon an alleged violation of the Federal Copyright Act (US Code, tit 17, § 101). Ms. Schrut discounts this argument stating that this case is a simple contract action, dependent upon the court’s interpretation of the “flash back” provision of the contract.
Of particular relevance to this case is the unpublished opinion in Kanakos v MX Trading Corp. (81 Civ 4632 [SONY]). In Kanakos, plaintiff contracted with defendants to allow the latter to make “one run” of posters from plaintiff’s copyrighted photograph. Plaintiff sued in Federal court, under the copyright statute, claiming the defendants had allegedly exceeded the contracted-for use of plaintiff’s photograph. Plaintiff alleged, inter alia, that defendants had made additional “runs” of his photograph which were never authorized by the parties’ agreement. Defendants moved to dismiss plaintiff’s action, arguing that the cause of action was one for breach of contract and thus should be relegated to the State court. The court disagreed, stating: “Where a licensee utilizes a copyrighted work in a manner or to an extent not authorized by the license agreement, the licensee’s position is no different from that of an infringer having no contractual relationship with the holder of the copyright. In both cases, the resulting cause of action is one for copyright infringement, and the claims against both arise under the copyright statutes.” Here, claimant’s argument is identical to that of the plaintiff in Kanakos — alleged use of a copyrighted *847 photograph that exceeded the parameters of the contract between the parties. The result here is therefore dictated by Kanakos — claimant’s action lies solely in the Federal courts.
Also, in Arch Music Co. v Gladys Music (35 Misc 2d 915) the court, faced with allegations of the parties similar to those contained in the instant action, relied upon the following language from Wooster u Crane & Co. (147 F 515, 516), to dismiss a cause of action found to be one based on copyright infringement: “ A suit, the primary and controlling purpose of which is to enforce a right secured by the copyright laws which is being infringed by the defendants, is a suit under those laws, and within the jurisdiction of the Federal Circuit Courts, although it incidentally draws in question the validity, interpretation, and effect of a contract through which the complainant derives title.’ ” (Arch Music Co. v Gladys Music, supra, p 916.)
All cases found to “arise under” the Federal statutes relating to copyrights, therefore, fall within the exclusive original jurisdiction of the Federal District Courts. (US Code, tit 28, § 1338.) Although the claimant instituted what appears to be an action for breach of contract within the monetary and over-all subject matter jurisdiction of the Small Claims Court, the Federal copyright statutes have expressly preempted claims seeking relief under the common law or statutes of any State which, in essence, seek relief for copyright infringement. (US Code, tit 17, § 301.)
Accordingly, this small claims action is dismissed with leave to replead in the proper forum, the Federal court.