OPINION OF THE COURT
Shirley Fingerhood, J.
By moving to dismiss a prior Federal action for lack of Federal subject matter jurisdiction, defendant convinced plaintiff to withdraw that action and to commence a State action for similar relief. Now defendant[1] moves to dismiss the State court action arguing that the Federal courts have exclusive jurisdiction pursuant to 28 USC § 1338 because the claim arises under the Copyright Act (17 USC § 101 et seq.).
Although it cannot be known with certainty[2] whether the Federal court action would have been dismissed if it had not been withdrawn, the position of defendant in its motion in Federal court was strongly supported by Federal law. Long ago, in Harms Co. v Eliscu (339 F2d 823 [2d Cir 1964], cert denied 381 US 915 [1965]), the Second Circuit rejected jurisdiction over an action for breach of contract which concerned copyrighted works. In a frequently quoted opinion, Judge Friendly wrote (supra, at 828): "[A]n action 'arises under’ the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e. g., a suit for infringement or for the statutory royalties * * * or asserts a claim requiring construction of the Act * * * or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.”
The interposition of a defense that defendant acted under a contract does not turn a suit under the Copyright Act into one *656 for breach of contract (Kamakazi Music Corp. v Robbins Music Corp., 684 F2d 228 [2d Cir 1982]), and "even an infringement claim will not invoke federal jurisdiction when the claim is merely incidental to a primary dispute over copyright ownership under state law. See Simon & Flynn, Inc. v Time Inc., 513 F.2d 832 (2d Cir. 1975) (per curiam); Stepdesign, Inc. v Research Media, Inc., 442 F.Supp. 32 (S.D.N.Y. 1977); Elan Associates, Ltd. v Quackenbush Music, Ltd., 339 F.Supp. 461 (S.D.N.Y. 1972) * * * see generally 3 Nimmer on Copyright, § 12.01[A] (1981).” (RX Data Corp. v Department of Social Servs., 684 F2d 192, 196.)
Thus, a conclusory allegation that the distribution of a film constituted copyright infringement was held to be an insufficient basis for Federal jurisdiction in Bear Cr. Prods. v Saleh (643 F Supp 489 [SD NY 1986]). Judge Weinfeld dismissed the complaint because "the principal allegations of [the copyright infringement count] reiterate the allegations made under plaintiffs’ contract and fraud counts, namely, that because of Saleh’s material breaches of contract and fraud, 'all right, title and interest in the copyrights in and to the Film belong and/or have reverted to Bear Creek.’ ” (Supra, at 492.)
The Federal courts have gone farther and dismissed for lack of Federal jurisdiction actions which alleged copyright infringement because the question to be decided was whether the defendant’s license to publish plaintiff’s book had been revoked in accordance with the terms of the parties’ contract. Thus, in Berger v Simon & Schuster (631 F Supp 915, 917-919 [SD NY 1986]), stating that the decision concerning Federal subject matter jurisdiction ultimately rests on the true nature of the action, Judge Leonard Sand concluded that "plaintiff in substance, albeit not in form, is seeking a declaration that certain conditions precedent to a revokation [sic] of a license have taken place * * * it turns on purely factual and common law contract issues * * * Plaintiff cannot escape the consequences of there being a contract dispute simply by pretending in his complaint to ignore what lies at the heart of the controversy.”
It is only where the defendants do not have any color-able claim under contract or State law to copyrighted works that Federal jurisdiction is properly invoked. (RX Data Corp. v Department of Social Servs., supra, at 196; Kamakazi Music Corp. v Robbins Music Corp., 684 F2d 228, supra; Frankel v *657 Stein & Day, 470 F Supp 209 [SD NY 1979], affd without opn 646 F2d 560 [2d Cir 1980].)
The present action in substance seeks a declaratory judgment that contractual rights to Irwin Shaw’s novel "Night-work” have reverted. According to the complaint, Shaw, now deceased, granted motion picture and allied rights to the novel pursuant to a contract which provided that the rights would revert if the first motion picture based upon the work was not produced within a six-year period; that after two extensions, the rights reverted in May 1987 when Cinema Seven failed to find an acceptable substitute producer within 24 months after CBS Theatrical Films, which had agreed to finance and produce the first motion picture, abandoned the project; that Shaw’s widow, the trustee of a trust to which he assigned the copyright to Nightwork, notified defendant that the rights reverted but that defendant refuses to so acknowledge and has announced plans to produce a motion picture based on Night-work thereby interfering with plaintiff’s ability to exploit the motion picture rights to the work.
No infringement of the copyright is alleged and no construction of the Copyright Act is required for resolution of the parties’ dispute. State, not Federal principles control the interpretation of the contracts involved. Although there is surplusage with an "aroma of copyright” in the complaint, i.e., the request that plaintiff be declared the sole owner of the copyright and the demand for damages for deprivation of the enjoyment of copyright and for counsel fees, the dispute is over interpretation of the contract. The suit does not turn into one for copyright infringement because there is a request for an injunction; injunctive relief may be, and often is demanded with declaratory relief pursuant to State law. (CPLR 3017; Siegel, NY Prac § 436, at 664 [2d ed].)
In support of its motion, defendant asks this court to follow a small claims decision, Schrut v News Am. Publ. Co. (123 Misc 2d 845, 847 [Civ Ct, NY County 1984]),[3] which dismissed a pro se claimants suit for breach of contract on the authority of an unpublished Federal decision (Kanakos v MX Trading Corp., US Dist Ct, SD NY, 81 Civ 4632, Sept. 16, 1981, Conner, *658 J.)[4] "Although the claimant instituted what appears to be an action for breach of contract within the monetary and over-all subject matter jurisdiction of the Small Claims Court, the Federal copyright statutes have expressly preempted claims seeking relief under the common law or statutes of any State which, in essence, seek relief for copyright infringement.”
However, in view of the overwhelming Federal authority for the rule in Harms Co. v Eliscu (339 F2d 823, supra) to follow Schrut (supra) and dismiss actions which the Federal courts reject as preempted by Federal law, would deprive plaintiffs in Shaw’s position of a judicial forum.
In addition to its request for dismissal for lack of subject matter jurisdiction, defendant seeks to dismiss on the ground that the complaint does not state a cause of action because, inter alla, neither the trust nor plaintiff is privy to the agreements in issue. That argument is without merit for plaintiff has succeeded to Shaw’s rights under the contract and may enforce them.
Defendant’s objection to the ad damnum statement that defendants "maliciously and intentionally interfered with the rights of plaintiff”, and the punitive damage request apparently predicated thereon, is well taken. Both are stricken as is the demand for attorney’s fees.
The defendant’s request that the complaint be dismissed under CPLR 3014 is denied. Although the complaint could no doubt be improved, it is sufficiently clear to allow the parties’ rights to be declared without further delay.
Finally, I believe that it is necessary to state that the point where appropriate advocacy turns to harassment was passed on this case. Arguing first that the Federal court had no jurisdiction over plaintiff’s claim and thereafter that the Federal court had exclusive jurisdiction over the claim is frivolous conduct within the definition of section 130-1.1 (c) (2) of the Rules of the Chief Administrator of Courts (22 NYCRR), which permits the court, in its discretion, to award reasonable attorney’s fees for conduct "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another.” Accordingly, plaintiff is awarded attorney’s fees incurred in defending that part of the motion *659 which raised objections to subject matter jurisdiction. The amount which defendant will be directed to pay will be determined after plaintiffs attorney submits an affidavit stating his qualifications and time charges. Defendant may, of course, challenge the amounts requested by affidavit.

. Cinema Seven Productions, Inc. is the only defendant which was served.

. The area of law was described as "murky” in Keith v Scruggs (507 F Supp 968, 970, 971 [SD NY 1981]), in which the action was dismissed for lack of jurisdiction under the Copyright Act because the "gist” of the claim was breach of contract.

. The other State court decision upon which defendant relies, Estate of Hemingway v Random House (53 Misc 2d 462 [NY County 1967], affd 29 AD2d 633, affd 23 NY2d 341 [1968]), concerned a claim under State law of infringement of common-law copyright which was summarily dismissed for other than jurisdictional grounds.

. Schrut v News Am. Publ. Co. (123 Misc 2d 845) also cites Arch Music Co. v Gladys Music (35 Misc 2d 915 [Sup Ct, NY County 1962]), which was prior to Harms Co. v Eliscu (339 F2d 823) and appears to be a claim for infringement unrelated to contract.